# Commonwealth, Appellant, *v.* Jarecki Manufacturing Company.

*Taxation—Manufacturing corporation—Portion of capital invested in foreign bond.*

A manufacturing corporation organized under the laws of Pennsylvania is liable to be taxed on the portion of its capital stock invested in the bonds of another corporation, although such other corporation has issued the bonds free of tax.

Argued June 3, 1902. Appeal, No. 27, May T., 1902, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket 1900, No. 306, on appeal from tax settlement in case of Commonwealth v. Jarecki Manufacturing Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Appeal from tax settlement.    Before SIMONTON, P. J.
The opinion of the Supreme Court states the case.

*Error assigned* was in entering judgment for an amount which did not include a tax on the bonds of the Lake Shore & Michigan Southern Railway Company issued free of tax.

*M. E. Olmsted*, with him *Frederic W. Fleitz*, deputy attorney general, and *John P. Elkin*, attorney general, for appellant.

*Robert Snodgrass*, with him *Frank P. Snodgrass*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, October 13, 1902:

There is but a single question in this appeal and it is found in the assignment which alleges that the court erred in overruling the exception filed by the commonwealth, which is as follows : " The learned court erred in its fourth conclusion of law in finding ' defendant is not taxable in respect of the $90,000 of its capital stock invested in bonds of the Lake Shore & Michigan Southern Railway Company issued free of tax.' "

The defendant is a Pennsylvania corporation engaged in " the manufacture and sale of articles of metal and machinery of all kinds." Its capital stock is $1,000,000 and the appraised value of its property, assets and franchises for the tax year of 1889 was $1,597,697. Of the reported assets of the company were mortgage bonds issued by foreign corporations, $76,000 ; three and one half per cent mortgage bonds issued by the Lake Shore & Michigan Southern Railway Company, free of tax, $90,000 ; mortgage bonds issued by the same company not free of tax, $7,000 ; and goods of corporations other than defendant, $40,000 ; in all, a total of $213,000. The defendant company claims to be exempt from taxation because, being a manufacturing company, its capital stock is not taxable under the laws of the state. The accounting officers allowed the exemption on all the capital stock, except the sums invested as above stated, on which the defendant was charged a five mills tax amounting to $1,065. On appeal, the court below charged the defendant company with the tax on the whole of the $213,000,

except $90,000 invested in the bonds of the Lake Shore & Michigan Southern Railway Company, which were issued free of tax. The reason assigned by the learned trial judge for allowing this exemption, as stated in his opinion, is as follows: " The railway company is personally liable for the tax on these bonds for the reason that it has agreed with the defendant to pay it. True, the commonwealth is not by the agreement between the parties to be barred from collecting the tax from defendant if necessary, but the railway company being responsible, it would seem inequitable to collect the tax from defendant and thus compel it to collect it from the railway company. The report of the railway company given in evidence shows that it informed the auditor general, that $31,387,000 of its bonded indebtedness had been issued free of tax. A simple inquiry would, therefore, have elicited the fact that $90,000 of these were held by defendant, and they could then have been taxed in the settlement against the railway company."

The 21st section of the Act of June 1, 1889, P. L. 430, as amended by the Act of June 8, 1893, P. L. 353, is in part as follows: " That every corporation . . . . shall be subject to and pay into the treasury of the commonwealth, annually, a tax at the rate of five mills upon each dollar of the actual value of its whole capital stock of all kinds, . . . . and it shall be the duty of the treasurer or other officers having charge of such corporation, . . . . to transmit the amount of said tax to the treasury of the commonwealth, . . . . provided that the provisions of this section shall not apply to the taxation of so much of the capital stock of corporations, . . . . organized for manufacturing purposes, which is invested in and actually and exclusively employed in carrying on manufacturing within the state, . . . . but every manufacturing corporation . . . . shall pay the state tax of five mills herein provided, upon such proportion of its capital stock, if any, as may be invested in any property or business not strictly incident or appurtenant to its manufacturing business, . . . . it being the object of this proviso to relieve from state taxation only so much of the capital stock as is invested purely in the manufacturing plant and business."

The defendant being a manufacturing corporation was entitled to the benefit of the exemption from taxation allowed by

the statute, but this extended to only so much of its capital stock as it had invested in its business. This, of course, did not include the bonds, $173,000, and the goods of other corporations, $40,000, noted above, unless there is some statutory provision relieving the company from liability for tax on these items. The learned judge, as we have seen, held that this part of the capital stock, except the $90,000 of railway bonds issued free of tax, was subject to the state tax. His reason for allowing the exemption was that, as the railway company had agreed with the defendant to pay the tax on the bonds, it was personally liable for it and hence " it would seem inequitable to collect the tax from defendant and thus compel it to collect it from the railway company." It will therefore be observed that the reasoning of the court below did not lead to the conclusion that the $90,000 of the defendant's capital stock invested in railway bonds were not subject to the five mills tax but that " it would seem inequitable to collect the tax from the defendant and thus compel it to collect it from the railway company." It was, therefore, held for the reason assigned, that the defendant company was not taxable on these bonds.

We do not agree with the conclusion of the learned judge. The commonwealth is not concerned with the agreement between the mortgagor company and its creditor, nor can the parties by contract avoid the clear and positive terms of the statute. This is conceded by the court below. It was within the legislative power to impose a tax upon the capital stock of the defendant company and to provide for the manner in which it should be levied and collected. The commonwealth has pursued the course pointed out in the statute and the only reason urged by the trial judge against its payment by the defendant is that the debtor company agreed to pay it. To permit a defense of this nature to prevail would involve the commonwealth in unnecessary litigation and frequently result in the tax being lost to the state. The statute directs the tax to be assessed against and paid by the company having the capital stock. This is mandatory and it is not for the court to order that it shall be paid in another way or by another person. That would be judicial legislation and hence a usurpation of authority. The legislature could have required this tax to be paid by the debtor company and thus relieved the holders of its securities from lia-

bility. It has, however, thought proper, and we must presume for sufficient reasons, to impose the tax directly upon the creditor company, and its liability being thus fixed, it can relieve itself only by payment.

It is contended by the appellee that the position of the commonwealth, if sustained, would result in double taxation ; that the bonds would be taxed both as capital and as bonds. It is a sufficient reply to this argument that this record does not show that the bond issuing company has retained the four mills tax as required by the Act of June 30, 1885, P. L. 193, and that, therefore, the question suggested by the appellee does not arise here. The object of this proceeding is to tax the bonds as part of the defendant's capital stock and not to impose a tax on the defendant company as the holder of the bonds. Should the commonwealth attempt to tax the bonds qua bonds, the debtor company may then contest the right to do so. We are unable, however, to see how the bonds held by the defendant company can, as such, be taxed under present legislation after they have contributed to the state's revenue as part of the capital stock of a corporation. It is true that the 4th section of the Act of June 30, 1885, requires the bond issuing company to assess and deduct a tax on its bonds held by residents of the commonwealth. But the second proviso to the 21st section of the act of 1889, as amended by the act of June 8, 1893, provides : " That corporations . . . . liable to tax on capital stock under this section, shall not be required to make any report or pay any further tax on the mortgages, bonds and other securities owned by them in their own right." It is therefore clear that the defendant company cannot be compelled to pay the four mills tax on the bonds held by it, and it necessarily follows that the railway company could not be compelled to account to the commonwealth for it. The act of 1891 imposes a four mills tax on all bonds, etc., held by corporations or residents of this commonwealth, and no failure to assess or return the same shall discharge such owner or holder from liability therefor to the commonwealth. The act of 1885 does not impose a tax on the bond issuing company but makes the company the collector of the tax : Commonwealth v. Delaware Division Canal Co., 123 Pa. 594. When, therefore, the act of 1893, exempted corporations, holding bonds as part of their capital stock, from pay-

ment of the four mills tax, it relieved the debtor company from assessing and deducting the tax from the interest due the creditor.

For the reasons stated we are of opinion that the learned trial judge erred in holding that "the defendant is not taxable in respect of the $90,000 of its capital stock invested in the bonds of the Lake Shore & Michigan Southern Railway Company issued free of tax."

The judgment of the court below is reversed and judgment is directed to be entered in favor of the commonwealth and against the defendant for $703, the balance due after deducting $362, the amount paid by the defendant.